**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| EVANGELA POWELL, | : | |
| | : | |
| Plaintiff, | : | CASE NO.: 1:21-CV-103 |
| | : | |
| v. | : | |
| | : | |
| RKJ ENTERPRISE, INC., and | : | JURY TRIAL DEMANDED |
| RKJ AND SONS, LLC, | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT

COMES NOW Evangela Powell ("Plaintiff" or "Powell") and files this Complaint against Defendants RKJ Enterprise, Inc. ("RKJ Enterprise") and RKJ and Sons, LLC ("RKJ and Sons"; collectively, "Defendants") and shows the Court as follows:

## INTRODUCTION

Evangela Powell, a mother of a minor child with a serious health condition, is a breast cancer survivor who managed Subway franchises for Defendants for many years until she missed work while battling cancer and caring for her hospitalized son. Defendants violated the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA") in 2019 when they forced her to resign and in 2020 when they demoted her and then terminated her employment. Powell asserts claims of FMLA interference and FMLA retaliation.

## JURISDICTION AND VENUE

1.

This court has subject matter jurisdiction pursuant to Article III, § 2 of the United States Constitution, 29 U.S.C. § 2601 *et seq.,* and 28 U.S.C. § 1331 (federal question).

2.

Venue properly lies in the Middle District of Georgia, Albany Division, pursuant to 28 U.S.C. § 1391(b) and M.D. Ga. L.R. 3.4 because Plaintiff resides therein, Defendants conduct business therein, and a substantial part of the events or omissions giving rise to the claims in this action occurred therein.

## THE PARTIES

3.

Plaintiff is a citizen of the United States and resides, and has resided at all times relevant to this suit, in the City of Dawson, Terrell County, Georgia.

4.

Defendants are the owners and operators of multiple Subway franchises in Southwest Georgia.

5.

RKJ Enterprise is a Georgia for-profit corporation with its principal place of business in Columbus, Georgia.

6.

RKJ Enterprise is subject to the jurisdiction of this Court.

7.

RKJ Enterprise may be served with process by service on its registered agent, Robert B. Jones ("Jones"), who may be served at 6131 Gateway Drive, Columbus, Georgia 31909.

8.

RKJ and Sons is a Georgia limited liability company with its principal place of business in Columbus, Georgia.

9.

RKJ and Sons is subject to the jurisdiction of this Court.

10.

RKJ and Sons may be served with process by service on its registered agent, Jones, who may be served at 6131 Gateway Drive, Columbus, Georgia 31909.

11.

Pursuant to 29 C.F.R. § 825.104, RKJ Enterprise and RKJ and Sons are integrated employers of Plaintiff due to the entities' common management, interrelation of operations, centralized control of human resource matters, common ownership, and common financial control.

## FACTUAL BACKGROUND

12.

Plaintiff's employment with Defendants began in June 2015 as the manager of Defendants' Dawson, Georgia, Subway restaurant.

### 2019 REQUEST FOR FMLA LEAVE

13.

After working for Defendants for almost four years, Powell was diagnosed with breast cancer in 2019.

14.

Powell's cancer treatment required a mastectomy in May 2019, which subsequently caused her to take three weeks of FMLA leave.

15.

During Powell's recovery from surgery, Defendants' district manager, Melissa Walker ("Walker"), contacted Powell daily and pressured her to return to work even though Powell remained under the care of her oncologist.

16.

Though Powell remained eligible for FMLA leave, Walker's constant communication caused Powell to fear termination.

17.

In hopes of maintaining her job and health insurance, Powell returned to work before she fully recovered from her surgery and before she exhausted her available FMLA leave.

18.

Upon Powell's early return to work, she experienced severe pain while performing her weekly delivery day duties.  On delivery days, Powell was required to lift heavy boxes of bread and other products delivered to Defendants' stores.

19.

Powell discussed her pain with Walker and requested intermittent leave, a reduced leave schedule, or permission to schedule a second employee to assist on delivery days.

20.

Walker, on behalf of Defendants, refused to provide Powell with FMLA leave or approve scheduling an additional employee once a week.

21.

Though she still had FMLA leave available, Powell was forced to resign from her position with Defendants in early June 2019 due to Defendants' interference with her FMLA rights.

### 2020 REQUESTS FOR FMLA LEAVE

22.

Powell returned to work on November 29, 2019, as the manager of Defendants' restaurant located in a Walmart store in Albany, Georgia.

23.

Defendants laid Plaintiff and other employees off in late March 2020 due to pandemic-related restrictions on their business activities. Defendants filed for pandemic-related unemployment benefits on Plaintiff's behalf until May 2020 when Plaintiff returned to work.

24.

In June 2020, after Plaintiff requested leave for a cancer-related medical procedure, Defendants demoted her from manager to sandwich artist.  Plaintiff's demotion reduced her pay by $2.90 per hour.

25.

Powell's minor son became seriously ill and was hospitalized for diabetes complications from June 28 through July 1, 2020. Due to pandemic-related restrictions at the hospital facility, if Powell left her son to attend work, she would have been unable to return to the hospital, and her minor child would be alone.

26.

Powell informed Nicole Jones, a district manager, Brandon Jones, Operations and Personnel Director, Christina Fowler, a store manager, and Kim Watson, Defendants' human resources representative, of her need for FMLA leave. She continued to contact these individuals throughout the time her son was hospitalized, but Defendants refused to communicate with Powell about her need for leave.

27.

Powell was out of work due to her son's serious medical condition for less than a week.

28.

After her son was discharged, Powell learned that Defendants terminated her employment while her son was hospitalized.

## PRELIMINARY FMLA ALLEGATIONS

29.

Powell was employed by Defendants for at least 12 months and worked at least 1,250 hours in the 12 months preceding her request and need for leave.

30.

Powell was at all times relevant to this suit an "eligible employee" within the meaning of the FMLA.

31.

Because Plaintiff was an eligible employee, Plaintiff was entitled to medical leave and other protections under the FMLA.

32.

Defendants are engaged in commerce or an industry or activity affecting commerce and, at all times relevant to this suit, employed 50 or more employees in a 75-mile radius for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

33.

Defendants were at all times relevant to this suit employers covered by the FMLA.

34.

When she requested FMLA leave in 2019, Powell had a serious health condition that medically required and necessitated continuous leave, a reduced leave schedule, or intermittent leave.  As a result, Powell was entitled to FMLA leave upon her request for leave in 2019.

35.

Powell was entitled to FMLA leave related to her serious medical condition, cancer, when she requested leave in June 2020.

36.

Powell's minor son had a serious health condition and required Powell's care in July 2020.  As a result, Powell was entitled to FMLA leave to care for her son.

37.

Plaintiff provided Defendants with timely notice of her need to take FMLA leave each time such leave was required.

38.

As set forth above, Defendants each qualify as an employer as defined by the FMLA because they act or acted, directly or indirectly, in the interest of an employer to any of the employees of such employer, including Powell. *See* 29 U.S.C. § 2611(4)(A).

39.

All actions taken by Defendants were willful, intentional, and without good faith.

## COUNT I

## FMLA Interference

## (Against All Defendants)

40.

Because Powell suffered from cancer, a serious medical condition, she remained eligible for FMLA leave following her May 2019 cancer-related surgery. Defendants interfered with her FMLA rights by pressuring her to return to work and by refusing additional continuous, reduced schedule, or intermittent leave.

41.

By forcing Powell to choose between recovery and her job, Defendants interfered with Powell's rights under the FMLA.

42.

Defendant's pattern of interference with Powell's FMLA rights continued in June 2020 when Plaintiff was demoted to a sandwich artist after she took off work for continued cancer treatment.

43.

Defendants yet again interfered with Plaintiff's FMLA rights when she was denied leave to stay at the hospital with her minor son who was admitted for in-patient diabetes treatment on June 28, 2020.

44.

Rather than allowing Powell to take leave, Defendants terminated her employment while her son was in the hospital, which was necessary for the treatment of his serious medical condition, diabetes.

45.

Defendants engaged in unlawful conduct by willfully interfering with, restraining, and denying Powell rights provided by the FMLA.

46.

As a result of Defendants' interference with Powell's FMLA rights, she is entitled to wages, salary, employment benefits, and other compensation denied or lost, including front and back pay.

47.

As a result of Defendants' interference with Powell's right to FMLA leave, she is entitled to interest on the damages described in paragraph 46 above, which shall be calculated at the prevailing rate.

48.

Powell is also entitled to liquidated damages, which shall be equal to the amount of damages described in paragraph 46 above.

49.

Moreover, Powell is entitled to reinstatement and promotion from sandwich artist back to manager.

## COUNT II

### FMLA Retaliation

**(Against All Defendants)**

50.

By requesting leave for cancer treatment and to care for her minor child with a serious medical condition, Powell engaged in statutorily protected activity.

51.

Powell was eligible for FMLA leave each time she requested such leave.

52.

In 2019, Defendants refused to grant Plaintiff additional leave, reduced schedule leave, or intermittent FMLA leave. Such leave would have allowed her to maintain her employment. Defendants refused her request in retaliation for Powell's recent FMLA leave for cancer treatment and in retaliation for her request for additional FMLA leave.

53.

In June 2020, Powell attempted to exercise her FMLA right to leave when she requested time off for a follow-up medical procedure related to her breast cancer.

54.

Defendants demoted Powell and reduced her pay in retaliation for her FMLA-protected activity of requesting leave for continued treatment of her serious medical condition.

55.

When her minor child was hospitalized in July 2020, Powell attempted to exercise her FMLA right to leave while caring for a family member with a serious medical condition.

56.

Defendants terminated Powell in July 2020 in retaliation for her attempted exercise of FMLA rights related to her cancer treatment and her son's serious medical condition.

57.

Defendants' responses to Plaintiff's need for FMLA leave constitute unlawful retaliation against Plaintiff in violation of 29 U.S.C. § 2615.

58.

Defendants' responses to Plaintiff's need for FMLA leave were adverse actions related to Plaintiff's employment and were causally related to her attempts to exercise her rights under the FMLA.

59.

As a result of Defendants' unlawful retaliation, Plaintiff is entitled to wages, salary, employment benefits, and other compensation denied or lost, including front and back pay.

60.

As a result of Defendants' unlawful retaliation, Plaintiff is entitled to interest on the damages described in paragraph 59 above, which shall be calculated at the prevailing rate.

61.

Plaintiff is also entitled to liquidated damages, which shall be equal to the amount of damages described in paragraph 59 above.

62.

Moreover, Powell is entitled to reinstatement and promotion from sandwich artist back to manager.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a TRIAL BY JURY and the following relief:

(a) Declaratory judgment that Defendants' actions violated Plaintiff's FMLA rights;

(b) Full back pay from the date of the initial adverse employment action taking into account all raises to which Plaintiff would have been entitled but for Defendants' unlawful activity, and all fringe and pension benefits of employment, with prejudgment interest thereon;

(c) Front pay, reinstatement, and promotion from sandwich artist to manager, and/or other equitable relief to restore Plaintiff to the financial position she would have occupied but for Defendant's willful violations of the FMLA;

(d) Liquidated or double damages for Defendants' willful violation of the FMLA;

(e) Attorneys' fees and costs;

(f) Judgment against Defendants for damages incurred by Plaintiff;

(g) Judgment against Defendants in an amount to fully and adequately compensate Ms. Powell;

(h) Other and further relief as the Court deems just and proper.

Respectfully submitted this 28th day of May 2021.

ATTORNEYS FOR PLAINTIFF

LAWSON, REID & DEAN, LLC
P.O. Box 5005
Cordele, GA  31010
(229) 271-9323  Office
(229) 271-9324  Facsimile

By: _____
Douglas H. Dean
Georgia Bar No. 130988
*douglas.dean@lawsonreidlaw.com*

By: _____
HAYDEN H. HOOKS
Georgia Bar No. 786812
*hayden.hooks@lawsonreidlaw.com*